UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SELDON,<br><br>Plaintiff,<br><br>v.<br><br>DIGNITY HEALTH, et al.,<br><br>Defendants. | Case No. 16-cv-02454-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Re: Dkt. No. 15 |

Plaintiff Christopher Seldon filed the instant action against Defendants Dignity Health and Dignity Health Foundation, alleging violations of the Americans with Disabilities Act ("ADA") at Defendants' facility, St. Mary's Medical Center. (Compl., Dkt. No. 1.) On October 12, 2016, Plaintiff filed an administrative motion asking that the Court enforce General Order 56 by requiring that Defendants provide five dates and times for a full site inspection of St. Mary's Medical Center. (Plf.'s Mot., Dkt. No. 15 at 2, 5.)

On October 17, 2016, Defendants filed their opposition. (Defs.' Opp'n, Dkt. No. 16.) First, Defendants argue that Plaintiff is a member of the *Kemper v. Catholic Healthcare West* class action, which covered Defendants' facilities including St. Mary's, and therefore his "entitlement to injunctive relief is wholly addressed by the *Kemper* action, and there is no reason for him to conduct any site inspection for purposes of settling injunctive relief." (*Id.* at 3 (internal quotation omitted).) The Court disagrees. *Kemper* was filed in 2006, and the Court approved the parties' class settlement agreement and consent decree on April 22, 2009. (Stallard Dec., Exh. C ("Consent Decree"), Dkt. No. 16-4.) As defined by this agreement, the class included "all people in the United States with disabilities . . . who have and who were, prior to the filing of the Class Action Complaint through the pendency of this action, denied the full and equal enjoyment of the

goods, services, programs, facilities, privileges, advantages, or accommodations of any of CHW's Facilities, because of their respective disabilities." (Consent Decree at 2.) That same day, the *Kemper* case was closed, although later activity has taken place in that case. (*Kemper*, Case No. 2:06-cv-295, Dkt. No. 75.) Plaintiff in the instant case, however, was not a patient at St. Mary's until 2014, after *Kemper* was closed. Defendants do not explain why Plaintiff would be a member of the *Kemper* class, which again is defined as persons "who have and who were, *prior to the filing of the Class Action Complaint through the pendency of [the Kemper] action*, denied the full and equal enjoyment of the good, services, programs, facilities, privileges, advantages, or accommodations . . . ." (Consent Decree at 2 (emphasis added).) Thus, the Court finds that *Kemper* does not necessarily preclude Plaintiff from seeking injunctive relief in this proceeding.

Second, Defendants contend that even if Plaintiff is not a member of the *Kemper* class, Plaintiff has not provided any basis for demanding a full site inspection. (Defs.' Opp'n at 3.) The Court agrees that Plaintiff has not provided an adequate reason for demanding a full site inspection. In Plaintiff's e-mail exchanges with Defendants, Plaintiff argues that he is "entitled to a full inspection," and that "it is not appropriate under General Order 56 to agree in advance to a limited inspection without a court order." (Derby Dec., Exh. E at 2, Dkt. No. 15-6.) General Order 56 does not entitle a party to a full inspection; instead, it specifically states that during the joint inspection, the parties "shall jointly inspect the *portions* of the subject premises, and shall review any programmatic or policy issues, which are claimed to violate the Americans with Disabilities Act." (Gen. Ord. 56 ¶ 3 (emphasis added).) Absent a reason for requiring a full site inspection, especially when the facility at issue is over 400,000 square feet, the Court will not order that Defendants provide dates for a full site inspection. Under these circumstances, requiring a full site inspection would defeat the purpose of General Order No. 56, which was to "adopt[] a process for streamlining the resolution of ADA access suits so that violations of the ADA can be remediated expeditiously while minimizing any applicable attorneys fees and damages." *Connally v. Baypart Marina Plaza LLC*, No. C07-3032 BZ, 2007 U.S. Dist. LEXIS 100542, at *1 (N.D. Cal. Oct. 2, 2007).

For those reasons, Plaintiff's administrative motion for relief is DENIED. This denial does

1  not abrogate the requirements of General Order No. 56. The parties are ordered to meet and
2  confer to agree on a date for a joint inspection of the relevant portions of the premises, and to
3  complete the inspection within 45 days, or to stipulate to an extension of the joint inspection
4  deadline.
5      IT IS SO ORDERED.
6  Dated: November 2, 2016

                                         KANDIS A. WESTMORE
                                         United States Magistrate Judge