UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SELDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIGNITY HEALTH, et al.,<br><br>　　　　Defendants. | CASE NO. 4:16-cv-2454 YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL SITE INSPECTION**<br><br>Re: Dkt. Nos. 21, 40, 46, 48 |

Now before the Court is plaintiff's motion to compel defendant to permit plaintiff to conduct a joint site inspection of all areas of defendants' premises[1] which plaintiff (i) visited during his previous hospitalization in 2014 or (ii) could visit as an adult male patient in future hospitalizations. (Dkt. No. 21.) On August 18, 2017, this Court ordered defendants to "provide a limited site walk-through (not to exceed four hours) to identify the elements not included in the previous remediation plan[,]" namely the "existing Consent Decree approved by Judge Karlton" in *Kemper v. Catholic Healthcare West*, 2:06-cv-00295-TLN-EFB (E.D. Cal.), Dkt. No. 204, Ex. A, Facility Modification Plan for St. Mary's Medical Center San Francisco (the "FMP"). The parties conducted the limited walkthrough on December 6, 2017, and have submitted additional information and briefing with regard to the elements not included in the FMP.

Having considered the information submitted, the arguments of the parties, and for the reasons set forth below, the Court **GRANTS IN PART** plaintiff's motion and **ORDERS** defendants to permit plaintiff to conduct a joint site inspection of the following areas which plaintiff visited during his previous hospitalization in 2014 or could visit as an adult male patient in future

---

[1] The Court understands the buildings at issue are (i) 450 Stanyan Street; (ii) 1 Shrader Street; and (iii) 2250 Hayes Street. Plaintiff has agreed to "forgo any inspection" of defendants' other premises, namely 2200 and 2235 Hayes Street. (Dkt. No. 46 at fn.1.)

hospitalization: (i) patient rooms *other* than those used for oncology, orthopedic, or surgery patients (in all three locations) and (ii) access ramps and paths of travel but only with regard to the main hospital ("450 Stanyan Street") and the building containing defendants' Cancer Center, Primary Care Physician Offices, and Chapel ("2250 Hayes Street"). Plaintiff's motion is **DENIED** as to the balance, including (i) oncology, orthopedic, and surgery patient rooms; (ii) access ramps and paths of travel with regard to the main office building ("1 Shrader Street"), (iii) elevators, (iv) stairwells, and (v) allegedly "Inadequately Addressed Areas" (Dkt. No. 46 at 3) in the FMP including nurses' stations, restrooms, drinking fountains, and doors.

The record reflects that the only patient rooms covered by the *Kemper* FMP are those used for oncology, orthopedic, or surgery patients. (FMP at Nos. 1-21, 59-77, 298-314.) Patient rooms used for other purposes do not appear to be covered by the FMP. Plaintiff is therefore entitled to a full site inspection of rooms other than those used for oncology, orthopedic, or surgery patients.

Next, the FMP indicates that corrections have been agreed upon for 1 Shrader Street with regard to access ramps and paths of travel. (*Id*. at Nos. 1054-1069.) However, no corrections are indicated for 450 Stanyan Street or 2250 Hayes Street. Accordingly, plaintiff's potential claims with regard to these buildings do not appear to be preempted by *Kemper*. Plaintiff is therefore entitled to a full site inspection of access ramps and paths of travel for 450 Stanyan Street or 2250 Hayes Street.

By contrast, elevators for all three buildings at issue were addressed in the *Kemper* FMP. (*Id*. at Nos. 1-21, 59-77, 298-314.) Exterior stairwell areas were similarly addressed. (*Id*. at Nos. 29-31, 57-58.) In light of the agreed upon corrections with regard to elevators at all three facilities, the Court finds that plaintiff is not entitled to an full site inspection of interior stairwells which are not on the accessible path of travel.

Finally, plaintiff offers no authority in support of his position that he is entitled to a full site inspection of areas which he contends were "inadequately addressed" by the *Kemper* FMP. These elements have already been reviewed by the parties in *Kemper* and a FMP regarding such elements was approved by Judge Karlton. Therefore plaintiff's claims with regard to these elements are preempted and the Court lacks jurisdiction to order a site inspection with regard to

such areas.

This terminates Dkt. No. 21.

**IT IS SO ORDERED.**

Dated: January 25, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge